UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SANTOSH SHARMA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-363-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UK HEALTHCARE–TURFLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Santosh Sharma has filed a *pro se* Complaint alleging that Defendant UK Healthcare–Turfland caused him various physical and mental injuries arising from knee surgery performed at the defendant's facility. Sharma seeks monetary damages and an order directing the defendant to provide him with medical treatment.

The Court granted Sharma's motion for leave to proceed *in forma pauperis* on December 11, 2024. Accordingly, the Court now screens the Complaint and will dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); 28 U.S.C. § 1915(e)(2)(B). At this stage of review, the Court accepts the plaintiff's factual allegations as true and construes the Complaint liberally in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sharma alleges that he underwent ACL and meniscus surgery at the defendant's facility in October 2020. During the surgery, the defendant used metal screws rather than

biodegradable screws to which the parties had previously agreed. Sharma alleges that he has suffered extreme pain and disability because of the defendant's actions and that the defendant has discriminated against him based on his South Asian background. He asserts the following claims: medical malpractice; lack of informed consent; negligent misrepresentation; breach of fiduciary duty; negligent infliction of emotional distress; breach of implied consent; and discrimination in a public accommodation in violation of Title VI of the Civil Rights Act of 1964.

Sovereign immunity generally bars suits brought in federal court against a state and its agencies. *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024) (citing *Pennhurst State Sch.& Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984)). In *Withers v. University of Kentucky*, the Supreme Court of Kentucky extended sovereign immunity to the University of Kentucky Medical Center. 939 S.W.2d 340, 343 (Ky. 1997). *See also Russell v. Univ. of Ky. Med. Ctr.*, No. 2023-CA-1095-MR, 2024 WL 4521374, at *2-3 (Ky. Ct. App. Oct. 18, 2024).[1] Thus, except in limited circumstances, this defendant cannot be sued in federal court. And even when a claim is allowed to go forward against this defendant, the Court may only award prospective injunctive relief. *See Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 960 (6th Cir. 1986) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)).

There are three exceptions to sovereign immunity: "(1) when the state has consented to suit; (2) when the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity." *Puckett v.*

---

[1]    The defendant's publicly available website indicates that UK Healthcare–Turfland is an outpatient center that is part of the University of Kentucky network of hospitals and clinics. *See* UK Healthcare, https://ukhealthcare.uky.edu/hospitals-clinics/turfland (last accessed Dec. 13, 2024).

*Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). None exists with respect to Sharma's state law claims. The Commonwealth of Kentucky has not consented to suit with respect to the types of tort claims alleged by the plaintiff. *See e.g., Russell*, 2024 WL 4521374, at *2-3; *Lillard v. Univ. of Louisville*, No. 3: 11-CV-554-H, 2012 WL 2922672, at *1 (W.D. Ky. July 18, 2012); *So. Fin. Grp., LLC v. Ky.*, No. 3: 18-CV-415-CRS, 2019 WL 2090004, at *3-4 (W.D. Ky. May 13, 2019). Further, the exception announced in *Ex parte Young* does not apply because Sharma does not seek prospective injunctive or declaratory relief compelling the defendant to comply with federal law. *See Puckett*, 833 F.3d at 598. Finally, Congress has not abrogated the Commonwealth's sovereign immunity with respect to the plaintiff's state law claims. Accordingly, the plaintiff's claims for medical malpractice; lack of informed consent; negligent misrepresentation; breach of fiduciary duty; negligent infliction of emotional distress; and breach of implied consent must be dismissed.

Congress *has* abrogated the states' sovereign immunity with respect to Title VI of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000d-7(a)(1); *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Title VI provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. Sharma alleges that the defendant violated Title VI by "[p]roviding inferior medical care due to his South Asian background;" [d]emonstrating deliberate indifference to his medical needs;" [r]epeatedly mishandling his name despite corrections;" "[t]reating him as intellectually inferior;" [f]ailing to provide proper medical education and explanations;" and "[d]enying him the same level of care provided to other patients." [Record No. 1, p. 8]

Title VI does not have its own statute of limitations. Instead, it borrows the applicable personal injury statute of limitations from state law. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996). And in Kentucky, that limitations period is one year. *See* Ky. Rev. Stat. § 413.140; *Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 973 (E.D. Ky. 2018). Sharma's Complaint states that he underwent surgery at the defendant's facility in October 2020. While he alleges that a "prolonged nightmare" ensued, he does not provide any other dates indicating when the alleged conduct occurred. Construing his allegations broadly and assuming he continued treatment with the defendant for *three years* following his surgery, his claim under Title VI still would not be timely. *See Smith v. Monte*, –F.Supp.3d–, 2024 WL 2925306, at *1 (E.D. Mich, June 10, 2024) (citing *Brown v. George*, No. 23-1584, 2023 WL 9023359, at *2 (6th Cir. Dec. 14, 2023) (observing that the court "may address the statute of limitations *sua sponte* if the defect is obvious).

Moreover, Sharma has failed to state a plausible claim for relief under Title VI, which "reaches only instances of intentional discrimination." *See Alexander*, 532 U.S. at 280. To state a claim for intentional discrimination, the plaintiff must allege more than labels and conclusions and must provide facts that raise the possibility of relief beyond a speculative level. *See Taylor v. Univ. Hosps. of Cleveland*, No. 1: 20 CV 2455, 2021 WL 243189 (N.D. Ohio, Jan. 25, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While the plaintiff is not required to plead a prima facie case of discrimination at this stage, he must provide sufficient factual allegations of specific acts that were taken with discriminatory intent that would push his claim across the line from possible to plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Without more, Sharma's conclusory allegations that the defendant

provided inadequate medical care and treated him poorly based on his South Asian background are insufficient to state a claim under Title VI. *See id.* at 678.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.      The claims asserted in this action by Plaintiff Santosh Sharma are **DISMISSED**.

2.      This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: December 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky